**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOSSAIN ROBIUL,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   21-70438

Agency No. A203-678-403

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022[**]
Seattle, Washington

Before:  BYBEE, BEA, and CHRISTEN, Circuit Judges.

Petitioner Hossain Robiul, a native and citizen of Bangladesh, seeks review

of the Board of Immigration Appeals' ("BIA") decision affirming the immigration

judge's ("IJ") denial of asylum, withholding of removal, and protection under the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

Substantial evidence supports the agency's adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–42 (9th Cir. 2010) (stating standard of review). Where, as here, the BIA agreed with the IJ's decision and added its own reasons, we review both the BIA's decision and the IJ's decision. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).

Several events informed the agency's adverse credibility determination. For example, Petitioner testified that he was a publicity secretary for the Liberal Democratic Party ("LDP"). In that role, he distributed flyers, participated in rallies, and recruited other members. But Petitioner's corroborating evidence, which included letters from various members of the LDP, did not mention that he was a publicity secretary. Petitioner does not offer any explanation for the discrepancy, nor does he offer any other corroborating evidence to support his testimony that he was a publicity secretary. *See Shrestha*, 590 F.3d at 1044 ("[I]n evaluating inconsistencies, the relevant circumstances that an IJ should consider include the petitioner's explanation for a perceived inconsistency, and other record evidence that sheds light on whether there is in fact an inconsistency at all." (citation omitted)).

As another example, Petitioner's medical documentation was in English and did not include certificates of authenticity. Petitioner does not address the agency's concerns regarding the reliability of his documents. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007–08 (9th Cir. 2017) (affirming adverse credibility finding based in part on unreliable documents).

Further, the agency found Petitioner's testimony that the police were looking for him while he was hiding outside of his home village implausible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) ("Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant, the inherent plausibility of the applicant's or witness's account . . . ."). Petitioner argues that the agency's determination was "pure speculation" and that it failed to consider the country conditions report. But the agency considered the "general country conditions of abuses by security forces" that Petitioner cited and concluded that "this evidence does not show that workers like the respondent are sought out by police, while hiding across the country." The agency reasoned that Chittagong, one of Petitioner's temporary hiding places, had been a stronghold for the LDP, and the Awami League had won a political victory at the end of 2018, which made it

3

implausible that they would target anyone for failing to join their party. *See Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021).

The above events were related to whether Petitioner was persecuted for his political views and activities and constitute substantial evidence supporting the agency's adverse credibility determination. The agency properly considered "the totality of the circumstances and all relevant factors." § 1158(b)(1)(B)(iii). Petitioner has failed to show that the record compels us to reach a contrary conclusion. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007) ("Although a reasonable factfinder could have found Petitioner credible, no such finding is compelled by the evidence." (emphases omitted)).

In light of the agency's adverse credibility determination, Petitioner failed to meet his burden of establishing eligibility for asylum, withholding of removal, and protection under CAT. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION DENIED.**